```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**GEORGE KEITH MARTIN,**

    **Plaintiff,**

**v.**                      //        **CIVIL ACTION NO. 1:06CV62**
                                                           **(Judge Keeley)**

**HARRISON COUNTY SHERIFF'S DEPT.,**
**SGT. BRIAN KEITH PURKEY, THREE**
**RIVERS VIOLENT CRIMES & DRUG**
**TASK FORCE, DET. DOUGLAS YOST,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 28, 2006, the pro se plaintiff filed this case in the Circuit Court of Harrison County Circuit Court alleging a violation of his civil and constitutional rights while executing a federal arrest warrant on June 9, 2005. On or about March 29, 2005, each of the defendants was served with a summons and a copy of the complaint. On April 18, 2006, Martin filed an "Amended Petition" requesting permission to "drop the civil suit against the Harrison County Sheriff's Department" and to "add the Bridgeport City Police Department in its place." On April 21, 2006, counsel for the defendants removed this action from the Harrison County Circuit Court.

After determining that the case involves a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On October 5, 2006,

**MARTIN V. HARRISON COUNTY SHERIFF'S DEPT., ET AL.**     **1:06CV62**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Magistrate Judge Kaull issued a Report and Recommendation recommending that:

1) defendant Three Rivers' Motion to Dismiss (docket no. 1 at Att. 5) be **GRANTED** and Three Rivers be **DISMISSED** as a defendant in this action;

2) the Harrison County Sheriff Department's Motion to Dismiss (docket No. 1 at Att. 6) be **GRANTED** and the Harrison County Sheriff Department be **DISMISSED** as a defendant in this action;

3) Plaintiff's request to add the Bridgeport Police Department (docket no. 1 at Att. 9) should be construed as a motion to join and **DENIED** because the Bridgeport Police Department is not a proper party to this suit;

4) Plaintiff's claims based upon defendant Yost and Purkey's alleged use of racial slurs toward him be **DISMISSED** with prejudice;

5) Plaintiff's excessive force claim against defendant Yost and Purkey not be summarily dismissed at this time and that the court issue a Scheduling Order as to that claim; and

6) Plaintiff's FOIA/PA claim be **DISMISSED** without prejudice. Martin's case be dismissed without prejudice.

The Report and Recommendation also specifically warned the parties that failure to object to the recommendation would result in the waiver of appellate rights on this issue. Nevertheless, no

**MARTIN V. HARRISON COUNTY SHERIFF'S DEPT., ET AL.       1:06CV62**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

objections were filed.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** that:

1) defendant Three Rivers' Motion to Dismiss (docket no. 1 at Att. 5) be **GRANTED** and Three Rivers be **DISMISSED** as a defendant in this action;

2) the Harrison County Sheriff Department's Motion to Dismiss (docket No. 1 at Att. 6) be **GRANTED** and the Harrison County Sheriff Department be **DISMISSED** as a defendant in this action;

3) Plaintiff's request to add the Bridgeport Police Department (docket no. 1 at Att. 9) should be construed as a motion to join and **DENIED** because the Bridgeport Police Department is not a proper party to this suit;

4) Plaintiff's claims based upon defendant Yost and Purkey's alleged use of racial slurs toward him be **DISMISSED** with prejudice;

5) Plaintiff's excessive force claim against defendant Yost and Purkey not be summarily dismissed at this time and that the court issue a Scheduling Order as to that claim; and

6) Plaintiff's FOIA/PA claim be **DISMISSED** without prejudice. Martin's case be dismissed without prejudice.

---

[1] Failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**MARTIN V. HARRISON COUNTY SHERIFF'S DEPT., ET AL.**     **1:06CV62**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested, and to transmit a copy to counsel of record.

Dated: December 15, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE