**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GEORGE KEITH MARTIN,**

      **Plaintiff,**

v.                                            **Civil Action No. 1:06cv62**
                                                            **(Judge Keeley)**

**HARRISON COUNTY SHERIFF'S**
**DEPT., SGT. BRIAN KEITH PURKEY,**
**THREE RIVERS VIOLENT CRIMES**
**& DRUG TASK FORCE AND DET.**
**DOUGLAS YOST,**

      **Defendants.**

**OPINION/REPORT AND RECOMMENDATION**
**ON DEFENDANTS' MOTIONS TO DISMISS**

On March 28, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants in the Circuit Court of Harrison County, West Virginia. In the complaint, Plaintiff alleges that the defendants violated his civil and constitutional rights while executing a federal arrest warrant on June 9, 2005. Plaintiff seeks compensatory and punitive damages.

**I. Procedural History**

While Plaintiff's case was pending in the Circuit Court, each of the defendants was served with a summons and a copy of the complaint and each defendant filed a response to the complaint. Specifically, defendants Yost and Purkey filed answers to the complaint, while defendants Three Rivers and Harrison County Sheriff's Office each filed a motion to dismiss. In response to the defendants answers and motions, on April 18, 2006, Plaintiff filed an "Addendum Petition" requesting permission to "drop" his suit against the Harrison County Sheriff's Department and to

add the Bridgeport City Police Department in its place. On April 21, 2006, the defendants, acting in concert, removed this case to federal court and paid the required filing fee.

On October 5, 2006, the undersigned conducted a preliminary review of the complaint and the pending motions. In the ensuing Report and Recommendation ("R&R"), it was recommended that Three Rivers' Motion to Dismiss be granted because the Three Rivers Violent Crimes & Drug Task Force was a legal entity, not a person, and therefore, not subject to suit. In addition, the undersigned recommended that the Harrison County Sheriff Department's Motion to Dismiss be granted because that department was not involved in the alleged events. It was also recommended that Plaintiff's request to add the Bridgeport Police Department be denied because a police department is not a person subject to suit. As to the individual defendants, Brian Purkey ("Purkey") and Douglas Yost ("Yost"), the undersigned determined that Plaintiff's complaint raised two claims against those defendants: (1) that he was racially slandered by those defendants during his arrest on June 9, 2005, and (2) that he was physically abused by the defendants during that same arrest.

As to Plaintiff's claim that racial slurs were used by Yost and Purkey, the undersigned recommended that those claims be dismissed with prejudice because name-calling cannot form the basis for a constitutional violation. However, as to Plaintiff's claims of physical abuse and excessive force, the undersigned recommended that those claims not be dismissed. Moreover, because Yost and Purkey had already filed an answer to the complaint, the undersigned recommended that the Court issue a scheduling order setting forth the time for discovery, dispositive motions and other matters.[1] At the conclusion of the R&R, the parties were advised that they had ten days to make

---

[1] The R&R also recommended the dismissal of certain claims Plaintiff made regarding the Freedom of Information Act and the Privacy Act. Those claims, however, do not affect the remaining claims and will not be discussed in further detail.

objections, and that the failure to do so would result in the waiver of appellate rights in the matter, as well as the obligation of the District Judge to make a *de novo* review of the issues presented.

On December 15, 2006, the Honorable Irene M. Keeley, United States District Judge, conducted a review of the R&R and determined that no objections had been filed. Accordingly, the R&R was adopted in its entirety. As a result, Three Rivers and the Harrison County Sheriff's Department were dismissed as defendants in this action, Plaintiff's request to add the Bridgeport Police Department was denied, Plaintiff's claim based on the alleged use of racial slurs was dismissed and the Court was directed to issue a scheduling order as to Plaintiff's excessive force claims against Yost and Purkey.

On December 28, 2006, the undersigned issued a scheduling order in compliance with the Order of the district judge. In that order, the parties were directed to complete discovery within 120 days from the date of the Order. Moreover, all dispositive motions were to be filed within 150 days of the Order. This case is now before the undersigned for a Report and Recommendation on a Motion to Dismiss filed by defendant Yost on January 18, 2007, and a Motion to Dismiss filed by defendant Purkey on March 8, 2007.

On January 19, 2007, notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to the Plaintiff advising him of his right to file a response to defendant Yost's dispositive motion. That notice was returned to the Court by Plaintiff's last known place of confinement. The return envelope states that the letter is not deliverable as addressed and there is a notation on the envelope by the Northeast Ohio Correctional Center stating that Plaintiff was transferred.[2]

---

[2] The Court does not find it necessary to send Plaintiff an additional Roseboro notice with regard to Defendant Purkey's motion to dismiss. Plaintiff was advised of his the requirements of responded to a dispositive motion after the filing of Defendant Yost's motion to dismiss. Moreover, even if it wanted to, the Court has no where to send an additional notice. In an abundance of caution, the Court contacted the

## II.  Defendant Yost's Motion to Dismiss

In his motion to dismiss, defendant Yost moves for a dismissal of this case based on the Plaintiff's failure to prosecute.  In support of the motion, defendant Yost asserts that Plaintiff has changed his address without advising either the Court or the defendants of his new address.  Therefore, Plaintiff has not received the last couple court documents sent by the Clerk, nor can the defendants contact Plaintiff to conduct discovery within the time frames established by the Court in the scheduling order.  Because he is unable to comply with the Court's scheduling Order, or do the things necessary to protect his interests, defendant Yost requests that the complaint be dismissed for the failure to prosecute.

## III.  Defendant Purkey's Motion to Dismiss

In his motion to dismiss, defendant Purkey also moves for a dismissal of this case based on the Plaintiff's failure to prosecute.  In support of the motion, defendant Purkey asserts that Plaintiff has changed his last-known address without advising either the Court or the defendants of his new address.  Therefore, defendant Purkey is unable to proceed with discovery as he is unable to take Plaintiff's deposition or serve Plaintiff with written discovery.  As a result, defendant Purkey asserts that he is unable to appropriately defend the claims against him and  requests that the complaint be dismissed for the failure to prosecute.  Defendant Purkey also notes that the Court has been unable to contact Plaintiff either, as the last mails sent by the Clerk were returned.

---

Northeast Ohio Correction Institution, Plaintiff's last known address, to verify that Plaintiff was no longer incarcerated at that facility.  That facilities' inmate locator program showed that Plaintiff had been incarcerated there at one time, but that Plaintiff has since been released from its custody.  There was no forwarding address available.

**IV. Analysis**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against any defendant." Unless otherwise stated, such a dismissal "operates as an adjudication upon the merits." Fed.R.Civ.P. 41(b).

The undersigned notes that on April 24, 2006, the Plaintiff was sent a Notice of General Guidelines for Appearing Pro Se in Federal court. In that notice, Plaintiff was advised that the failure to keep the court and opposing counsel advised of his most current address would result in the dismissal of his case. Because Plaintiff has failed to keep the court apprised of his current address, despite being forewarned of the possible consequences, the undersigned concludes that Defendants have been denied the ability to conduct discovery in this case. In addition, the undersigned notes that Plaintiff was afforded the same right of discovery under the court's scheduling order and has not conducted any. Finally, the undersigned finds Plaintiff's failure to keep the court and opposing counsel advised of his most current address constitutes non-compliance with the rules of the court.

**V. Recommendation**

For the foregoing reasons, the undersigned recommends that Defendant Yost's (dckt. 17) and Defendant Purkey's (dckt. 21) Motions to Dismiss be GRANTED and the Clerk be directed to enter judgment DISMISSING this case for the failure to prosecute.

Within ten (10) days after being served with a copy of this opinion/recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any

objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: March 9, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE