GEORGE KEITH MARTIN,

     Plaintiff,

v.                    //       CIVIL ACTION NO. 1:06CV62
                                      (Judge Keeley)

HARRISON COUNTY SHERIFF'S DEPT.,
SGT. BRIAN KEITH PURKEY, THREE
RIVERS VIOLENT CRIMES & DRUG
TASK FORCE, DET. DOUGLAS YOST,

     Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 28, 2006, the pro se plaintiff, George Keith Martin ("Martin"), filed a case in the Circuit Court of Harrison County alleging that the defendants violated his civil and constitutional rights while executing a federal arrest warrant on June 9, 2005. On or about March 29, 2006, each defendant was served with a summons and a copy of the complaint. On April 18, 2006, Martin filed an "Amended Petition" requesting permission to "drop the civil suit against the Harrison County Sheriff's Department" and to "add the Bridgeport City Police Department in its place." On April 21, 2006, counsel for the defendants removed this action from the Circuit Court of Harrison County.

Following its removal, the Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of

Prisoner Litigation 83.09.  On October 5, 2006, Magistrate Judge Kaull issued a Report and Recommendation recommending that:

1) defendant Three Rivers Task Force's Motion to Dismiss (doc. no. 1 at Att. 5) should be **GRANTED** and Three Rivers Task Force be **DISMISSED** as a defendant in this action;

2) defendant Harrison County Sheriff Department's Motion to Dismiss (doc. no. 1 at Att. 6) should be **GRANTED** and the Harrison County Sheriff Department be **DISMISSED** as a defendant in this action;

3) Plaintiff's request to add the Bridgeport Police Department (doc. no. 1 at Att. 9) should be construed as a motion to join and should be **DENIED** because the Bridgeport Police Department is not a proper party to this suit;

4) Plaintiff's claims based upon defendant Yost and Purkey's alleged use of racial slurs toward him should be **DISMISSED** with prejudice;

5) Plaintiff's excessive force claim against defendant Yost and Purkey should not be summarily dismissed and that the court should issue a Scheduling Order as to that claim; and

6) Plaintiff's FOIA/PA claim be **DISMISSED** without prejudice.

The Report and Recommendation also specifically warned the parties that failure to object to the recommendation within the prescribed time limit would result in the waiver of appellate

2

rights on this issue.    Nevertheless, no objections were filed.[1] Consequently, the Court **ADOPTED** the Magistrate Judge's Report and Recommendation in its entirety. (Doc. No. 12.)

On December 21, 2006, the United States Postal Service returned the letter containing the Order Adopting the Report and Recommendation sent to Martin marked "undeliverable". On January 8, 2007, the United States Postal Service returned the letter containing the First Order and Notice Regarding Discovery and Scheduling sent to Martin marked "undeliverable". On January 18, 2007, defendant Douglas Yost filed a Motion to Dismiss and on January 26, 2007, the United States Postal Service returned the Roseboro Notice directing plaintiff to file any opposition to defendant Yost's motion marked "undeliverable". On March 8, 2007, defendant Brian Keith Purkey filed a motion to dismiss.

On March 9, 2007, Magistrate Judge John S. Kaull filed a report and recommendation and recommended that:

1)    Defendant Yost's motion to dismiss (doc. no. 17) should be **GRANTED**;

2)    Defendant Purkey's motion to dismiss (doc. no. 21) should be **GRANTED**; and

---

[1] Failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

3)    the Clerk should enter judgment **DISMISSING** this case for failure to prosecute.

The Report and Recommendation again specifically warned the parties that failure to object to the recommendation within the prescribed time limit would result in the waiver of appellate rights on this issue.  Nevertheless, no objections were filed.[2]

On March 19, 2007, the United States Postal Service returned the mail containing the report and recommendation sent to the plaintiff marked "undeliverable".

On April 24, 2006, the District Clerk's office mailed the plaintiff a copy of the "Instructions for Filing a Civil Action for Violation of Civil Rights (Bivens Action)". The docket sheet does not reflect that the United States Postal Service returned the mail containing these instructions.  Accordingly, the record reflects that the plaintiff received the instructions.  On page five of those Instructions, the Clerk of the Court directs that "IF YOU DO NOT KEEP THE COURT ADVISED OF YOUR CURRENT ADDRESS, YOUR CASE MAY BE DISMISSED FOR WANT OF PROSECUTION".[3]  As of the date of filing, Martin has not provided a current address to the Court.

---

[2] Failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a <u>de novo</u> review of the issues presented.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).

[3] Significantly, the docket sheet in this matter reflects that on May 24, 2006 and June 5, 2006, Martin filed Notices of Change of Address with the Clerk's Office.

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

Accordingly, because Martin failed to provide a current address to the Court, the Court **ADOPTS** the Report and Recommendation in its entirety, **GRANTS** defendant Yost's motion to dismiss (doc. no. 17), **GRANTS** defendant Purkey's motion to dismiss (doc. no. 21) and **ORDERS** this case **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> petitioner, certified mail, return receipt requested, and to transmit a copy to counsel of record.

Dated: June 1, 2007.

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE